JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HARRISON KRAMER,<br><br>    Petitioner-Defendant,<br><br>    v.<br><br>UNITED STATES GOVERNMENT,<br><br>    Respondent-Plaintiff. | Case Nos. CV 20-8234-RGK (JEM)<br><br>CR 15-0606-RGK<br><br>ORDER DISMISSING ACTION |

## INTRODUCTION

On September 4, 2020, Andrew Harrison Kramer ("Petitioner"), a prisoner in state custody proceeding pro se, filed what was purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. 1.)

On May 10, 2021, Petitioner filed a Motion for Return of Seized Property ("Motion"). (Dkt. 7.) On July 9, 2021, the government filed an Opposition. (Dkt. 10.) On August 17, 2021, Petitioner filed a "Response to Gov's Opposition to 28 U.S.C. § 2255 Motion," which the Court construed as a Reply. (Dkt. 14.) On August 20, 2021, the government submitted on Petitioner's behalf a document containing further arguments regarding Petitioner's claims, which the Court construes as a Supplemental Reply. (Dkt. 11.)

Petitioner does not challenge the fact or duration of his confinement or the execution of a federal sentence. Rather, he seeks (1) the return of personal property seized during the execution of federal search warrants, (2) unspecified post-conviction discovery, and (3) a calculation by the Federal Bureau of Prisons ("BOP") of the credits he has earned toward his federal sentence, even though he is currently in state prison serving a state sentence. (See Petition at 3-4.)

## BACKGROUND

### I. Investigation of Petitioner's Drug Trafficking Organization

For several years and until approximately 2013, Petitioner was under investigation by the DEA and local law enforcement for his involvement in a marijuana trafficking organization based in Los Angeles. (United States v. Andrew Harrison Kramer, Case No. CR 15-0606-RGK ("Kramer I"), Dkt. 126 at 4.) From 2006 until at least 2013, Petitioner and his drug trafficking organization distributed marijuana through several stores in and around the City of Los Angeles and shipped marijuana to other areas of the United States, including New Jersey, South Carolina, and North Carolina, via the United States Postal Service. (Id. at 4-5; see also id., Dkt. 7 ("Factual Basis") ¶ 4; id., Dkt. 24 ("PSR") ¶¶ 9 & 15.)[1] It was alleged that Petitioner suppressed his competition in the marijuana business and his former business partners through violence, including firebombing, assaults with a deadly weapon, and home invasions. (Id., Dkt. 126 at 5; PSR ¶¶ 29 & 49.)

Petitioner involved family members and friends in his drug and money laundering operations. (Id., Dkt. 126 at 5.) Petitioner hid his drug proceeds through the use of businesses and bank accounts, California and Nevada state corporations, and family

---

[1] Zen Healing, also known as Zen Healing Collective, located in West Hollywood ("ZHC"); West Hollywood Center for Compassionate Healing, also known as the Sunset Shop Incorporated, located in West Hollywood ("WHCCH"); Alternative Herbal Health Services, located in West Hollywood ("AHHS"); Marina Caregivers, located in Marina Del Rey ("MC"); Mecca Natural Medicine, located in Los Angeles ("MNM"), and North Valley Discount Caregivers, located in Granada Hills ("NVDC").

members, including his mother R.K. and his sister-in-law C.B.  (Id. at 5-6.)  Petitioner also laundered his drug proceeds through the use of automated teller machines ("ATMs"), bank accounts, corporations, real estate purchases, and other accounts.  (Id. at 5-6.)

For several years, until 2013, Petitioner's dispensaries were the subject of multiple federal warrant-authorized searches.  (Id.)

## II. Petitioner's State Case for Attempted Murder Arose Out of His Marijuana Distribution Operation

On April 16, 2013, Petitioner was arrested for and charged with eight counts of attempted murder, in violation of Cal. Penal Code §§ 664/187(a); one count of assault with a deadly weapon (without a firearm), in violation of Cal. Penal Code § 245(a)(1); one count of assault likely to produce great bodily injury, in violation of Cal. Penal Code § 245(a)(4); one count of burglary, in violation of Cal. Penal Code § 459(b); three counts of arson of an inhabited structure, in violation of Cal. Penal Code § 451(c); and three counts of attempted arson, in violation of Cal. Penal Code § 455, among other violent felonies.[2]  (PSR ¶ 49.)  This state case was originally charged in the Los Angeles County Superior Court as Case No. BA410217, and later, on February 23, 2016, re-indicted as Case No. BA435471.  (See id. & Opposition, Attachment 5, Indictment for Case No. BA435471.)  The charged acts of violence included Petitioner soliciting others to commit home invasions in order to retaliate against business associates with whom he had disagreements related to his drug trafficking operation.  (Kramer I, Dkt. 126 at 6-7; Opposition, Attachment 5; PSR ¶ 49.)

On April 8, 2019, in Case No. BA 435471, Petitioner was convicted of multiple felonies for arson, in violation of Cal. Penal Code § 451(c) & 451.1(a)(5), stalking, in violation of Cal. Penal Code § 646.9(a), and assault by means likely to produce great bodily injury, in violation of Cal. Penal Code § 245(a)(4).  (See Opposition, Attachment 6,

---

[2] Other state charges included conspiracy, attempted robbery, and use of a destructive device.  (PSR ¶ 49.)

Judgment in Case No. BA435471.) On April 8, 2019, Petitioner was sentenced to a total of 33 years in state prison. (Id. at 1.)

### III. Petitioner's Plea Agreement and Guilty Plea in Federal Criminal Case

On November 23, 2015, in Kramer I, Petitioner pled guilty pursuant to a written plea agreement to an information charging him with conspiracy to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). (PSR ¶¶ 1-2.) In the written plea agreement, the government agreed to recommend that Petitioner be sentenced to 16 years' imprisonment, to run concurrent to any term of imprisonment imposed in his state case. (Opposition, Attachment 2, Plea Agreement.)

On January 29, 2016, the Court sentenced Petitioner, consistent with the plea agreement, to 16 years' imprisonment, to run concurrent to the term of imprisonment imposed in his state case. (Kramer I, Dkt. 37; Opposition, Attachment 4.) From April 16, 2013, to the present, Petitioner has been and remains in state custody, except for the short time necessary for Petitioner's appearance in federal court for his guilty plea and sentencing in the federal case.

### IV. Petitioner's Motion for Return of Seized Property in Federal Criminal Case

On June 28, 2022, in Kramer I, Petitioner filed a Motion for Return of Seized Property, in which he sought the return of the same property at issue in this action. (Kramer I, Dkt. 153.) On July 18, 2022, the government filed a Response. (Id., Dkt. 155.) On August 25, 2022, the Court issued an Order ruling on the motion and allowing Petitioner to file a renewed motion by September 30, 2022. (Id., Dkt. 156.)

## DISCUSSION

### I. Petitioner's Requests for Return of Property, Unspecified Post-Conviction Discovery, and BOP Credits Are Not Cognizable in a Habeas Petition

A Section 2241 habeas petition is the means by which a federal prisoner challenges the manner, location, or conditions of his federal sentence's execution. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §

2241 in the custodial court."). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Stephens, 464 F.3d at 897; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).

Here, Petitioner is not challenging the validity or constitutionality of his federal conviction or sentence or the execution of that sentence. Rather, he seeks the return of property seized during the execution of federal search warrants, unspecified discovery pertaining to his federal conviction, and a calculation of federal sentencing credits by the BOP. Accordingly, the Petition sets forth no claims that are cognizable under § 2241 or § 2255 and should be dismissed.

## II. Petitioner's Request for Return of Property Is Moot

Fed. R. Crim. P. 41(g) provides a party with the basis to seek the return of seized property. "[W]hen the property in question is no longer needed for evidentiary purposes . . . [t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987) (footnotes and citations omitted); see also United States v. Kriesel, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence").

Petitioner seeks the return of "personal documents & devices & files." (Motion at 1.) The government has indicated its willingness to return most of the property to Petitioner[3] if he "provides sufficient proof that the items belong to him." The government further states that it "has no interest in retaining the seized evidence described in

---

[3] The government indicates that it will not return weapons to Petitioner (e.g., a taser). (Motion at 7 n.4.) Petitioner agrees that he does not seek return of such items. (Reply at 2.)

5

1 Attachment 1," and will turn over those items to Petitioner's "designated agent or
2 representative, pursuant to written authorization by [Petitioner] at a time convenient to the
3 DEA." (Motion at 7-8.)
4     The Court has already issued a ruling regarding the return of the property at issue
5 (Kramer I, Dkt. 156) and, therefore, Petitioner's request here is moot.

6 **III.**    **Petitioner's Request for Post-Conviction Discovery Is Moot**

7     Petitioner had requested "all post-conviction [d]iscovery [he] may be entitled to."
8 (Petition at 3.) However, in his Reply he has withdrawn this request (Reply at 4), and this
9 request is moot.

10 **IV.**    **Petitioner's Request for BOP to Provide a Calculation of His Time Served In**
11        **State Custody Is Moot**

12     Petitioner asks the BOP to inform him of the credits he has earned toward his
13 federal sentence while he has been in state custody. Although the government contends
14 that Petitioner is not entitled to this calculation because he is not yet in federal custody,
15 the government has provided the BOP's calculation of Petitioner's anticipated release
16 date after he is transferred from state to federal custody. (See Opposition, Attachment 3.)
17 Accordingly, Petitioner's request is moot.

18                             \* \* \* \*

19     As to the Petition, Petitioner's request for the return of property, post-conviction
20 discovery, and calculation of his federal release date are not cognizable on federal
21 habeas review because he does not challenge the fact or duration of his confinement or
22 the execution of a federal sentence. As to the Motion, his requests for relief are moot.
23 Accordingly, Petitioner's Motion should be denied, and the Petition should be dismissed
24 with prejudice.
25 ///
26 ///
27 ///
28 ///

**ORDER**

IT IS THEREFORE ORDERED that: (1) Petitioner's Motion is denied; (2) the Petition is denied; and (3) this action is dismissed with prejudice.

DATED: September 27, 2022

*/s/ Gary Klausner*
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE